**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

ANGELA SCHUNCEY RICHARDSON                                      PLAINTIFF
ADC # 712575

v.                                      3:23CV00119-KGB-JTK

CHARLOTTE GARDNER, et al.                                      DEFENDANTS

## <u>ORDER</u>

Angela Schuncey Richardson ("Plaintiff") filed a Motion to Extend Discovery Deadline with respect to discovery she served on Defendants Jeannie Long and Carl Whitelaw (collectively, the "ADC Defendants").   (Doc. No. 52).   The ADC Defendants have responded.   (Doc. No. 54). Plaintiff also filed a Motion to Appoint Counsel and Extend Time.   (Doc. No. 53).

**I.      Motion to Extend Discovery Deadline and for Copy of Medical Records**

Plaintiff asks for an extension to the discovery deadline because the discovery requests she served on the ADC Defendants was untimely.   (Doc. No. 52).

Written discovery concluded in this case on February 28, 2024.  (Doc. No. 26).   The Court allowed Defendants an extension up to and including March 13, 2024 to take Plaintiff's deposition.   (Doc. No. 38).

Plaintiff's discovery requests to Defendants are postmarked February 28, 2024; Defendants received the requests on March 1, 2024.   (Doc. No. 52 at 11).

On March 20, 2024, the ADC Defendants informed Plaintiff they would not respond to her discovery requests because they were untimely.   (<u>Id</u>. at 4).   Plaintiff's Motion was filed shortly after—on April 4, 2024.

The notary public dated Plaintiff's Motion March 28, 2024.   (<u>Id</u>. at 1).   Plaintiff says she filed a motion for extension more than two weeks earlier, but the "feels as if the mail room staff may have held that document . . . ."   (<u>Id</u>.).   Even if Plaintiff had filed a motion in mid-March, the deadline for written discovery passed already on February 28, 2024.   Plaintiff says she did not send her Motion "in a timely manner due to several other deadlines and medical trips due to Plaintiff's health delayed timely orders.   In which is why the plaintiff filed a motion for extended time as to her discovery."   (<u>Id</u>.).

In the Court's Initial Scheduling Order, the Court told the parties that they "must send their final interrogatories to the opposing side at least 30 days before the expiration of the discovery deadline." (Doc. No. 26).   Plaintiff sent her requests on the day the deadline expired and did not file her Motion for Extension until more than a month after the deadline ran.   Nonetheless, the Court will extend the discovery deadline to the extent that I deem Plaintiff's discovery requests to the ADC Defendants timely.   The ADC Defendants are directed to respond to the requests within twenty-one (21) days of the date of this Order.

In her Motion, Plaintiff also asked for the ADC Defendants to provide her with printed copies of her medical records.   (Doc. No. 52 at 2).   The ADC Defendants object to Plaintiff's request.   (Doc. No. 54).   They point out that they are not the custodians of Plaintiff's medical records and that inmates are not allowed to possess medical records.   (<u>Id</u>.).   The ADC Defendants explain that Plaintiff may review her medical records upon request to Plaintiff's medical providers, and they offer assistance if Plaintiff needs help making the request.   Plaintiff's request for a physical copy of her medical records is also denied.   She may review her records upon request.

2

## II.    Motion to Appoint Counsel and for Extension of Time to Respond to Motion for Summary Judgment

Defendants Jamie Campbell, Charlotte Gardner, and Joe Hughes (collectively, the "Medical Defendants") filed their Motion for Summary Judgment on March 28, 2024.    (Doc. No. 44).   The Court directed Plaintiff to respond to the Motion by May 1, 2024.   (Doc. No. 50).

Plaintiff asks for additional time in which to file her response.   Plaintiff's request is granted.   If Plaintiff wishes to file a response, she must do so by June 1, 2024.

Plaintiff also asks for the appointment of counsel.   While a pro se litigant has no statutory or constitutional right to appointed counsel in a civil case, Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998), the Court may, in its discretion, appoint counsel for non-frivolous claims where "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."   Johnson v. Williams, 788 F.2d 1319, 1322 (8th Cir. 1986).   In evaluating the plaintiff's request in Johnson, the Court considered four factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims.   Id. at 1322-23.

In her Motion to Appoint Counsel, Plaintiff does not give any reasons for her request. (Doc. No. 53).   Having considered Plaintiff's Motion, and the Johnson factors, Plaintiff's Motion to Appoint Counsel will be denied at this time.   Plaintiff sufficiently stated deliberate indifference to serious medical needs claims; those claims have been served.   She also filed a Motion for Extension that the Court will grant.   This demonstrates that Plaintiff is able to sufficiently present her claims at this stage of the proceedings.   As Plaintiff has been informed already, counsel will be appointed if his case proceeds to a jury trial.   (Doc. No. 4 at 2).

IT IS THERFORE ORDERED THAT:

1.      Plaintiff's Motion to Extend Deadlines and Motion for Copies (Doc. No. 52) is GRANTED in part and DENIED in part

      a.      Plaintiff's motion to extend the discovery deadline is granted to the extent that I deem Plaintiff's discovery requests to the ADC Defendants timely.

      b.      The ADC Defendants are directed to respond to the requests within twenty-one (21) days of the date of this Order.

      c.      Plaintiff's request for a copy of her medical records is denied.

2.      Plaintiff's Motion to Appoint Counsel and Extended Time (Doc. No. 53) is GRANTED in part and DENIED in part

      a.      Plaintiff's request for an extension of time is granted.

      b.      If Plaintiff wishes to file a response to the Medical Defendants' Motion for Summary Judgment, she must do so by June 1, 2024.

      c.      Plaintiff's request for appointment of counsel is denied.

Dated this 22nd day of April, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE