IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ANGELA SCHUNCEY RICHARDSON                                        PLAINTIFF
ADC #712575

v.                            Case No. 3:23-cv-00119-KGB

CHARLOTTE GARDNER, et al.                                         DEFENDANT

**ORDER**

Before the Court are the Proposed Findings and Recommendations ("Recommendation") submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 86). Plaintiff Angela Schuncey Richardson has filed objections to the Recommendation (Dkt. No. 87). After careful consideration of the Recommendation, the objections, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 86). The Court overrules Richardson's objections and denies Richardson's requests to amend her complaint and appoint counsel (Dkt. No. 87, at 2, 3).

I.      Introduction

Richardson, currently incarcerated at the McPherson Unit of the Arkansas Department of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983 (Dkt. No. 2). Richardson sued Doctor Joe Hughes, A.P.N. Jamie Campbell, and Medical Assistant Charlotte Gardner (collectively, "Medical Defendants") along with ADC Classification Officer Jeannie Long and Classification Assistant Carl Whitelaw (collectively, "ADC Defendants") in their official and personal capacities (*Id.*). According to Richardson's complaint, defendants were deliberately indifferent to her serious medical needs and chronic problems with her right ankle (*Id.*).

Richardson also raises a corrective inaction claim (*Id.*). Richardson seeks compensatory damages and punitive damages (*Id.*).[1]

ADC Defendants and Medical Defendants filed motions for summary judgment (Dkt. Nos. 44, 67). In ADC Defendants' motion, ADC Defendants argue that they are entitled to qualified immunity because no reasonable fact finder could find that Richardson's claims constitute a violation of a clearly established constitutional or statutory right (Dkt. No. 67). In Medical Defendants' motion, Medical Defendants argue that they are entitled to summary judgment because Richardson cannot establish that she suffered from an objectively serious medical need that the Medical Defendants knew of, yet deliberately disregarded (Dkt. No. 44). The undisputed material facts relevant to Richardson's claims are fully set forth in the Recommendation (Dkt. No. 86).

The Court writes separately to address Richardson's objections. First, Richardson claims she has "been forced to repeatedly start her chronic care $3.00 process over and over again as a chronic care inmate" (Dkt. No. 87, at 4). Second, Richardson objects that the crushing and discontinuation of her Nortriptyline prescription amounts to deliberate indifference of her serious medical needs and that no written ADC policy requiring nortriptyline to be crushed was produced by the ADC Defendants (*Id.*, at 8). Third, Richardson claims that ADC Defendants were deliberately indifferent to her medical restriction for a lower tier, lower bunk script and that she suffered injuries as a result (*Id.*, at 22). Fourth, Richardson claims that ADC Defendants "intentionally placed the plaintiff['s] life in danger" by moving her to an area she claims was a

---

[1] Richardson's pleading includes a request for a preliminary injunction (Dkt. No. 2, at 20). Because this request was not set out in a separate filing, this request did not comply with Local Rule 7.2(e) of the *Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas* and, therefore, is not considered.

"quarantined" barrack (*Id.*, at 27).   Finally, Richardson objects to Judge Kearney's recommendation that defendant Gardner's motion for summary judgment be denied as to Richardson's claim involving Richardson's medical shoes on November 4, 2022 (*Id.*, at 39).  The Court interprets Richardson's objection as a misunderstanding of the Recommendation, as the denial of summary judgment on this issue allows Richardson to pursue her claim.

## II.   Analysis Of Objections

The Court has reviewed all of Richardson's objections.  Her objections do not break new ground or rebut the Recommendation.  The Court writes specifically to address a few of her objections.  First, as stated by Judge Kearney, Richardson's claim that the $3.00 charges violate prison policy, without more, does not state a claim on which relief may be granted (Dkt. Nos. 86, 87).

Second, though Richardson claims that the crushing and discontinuation of Nortriptyline amounts to deliberate indifference, the record indicates that defendant Hughes prescribed the pill in its crushed form and that Richardson voluntarily stopped taking the medication. (Dkt. Nos. 86, 87).  While Richardson claims that Hughes "agreed with Doctor Howard as to the not crushing [her] pill" (Dkt. No. 87, at 8), the record reflects that Hughes prescribed Nortriptyline in crushed form according to ADC policy and that Richardson agreed to receive it crushed (Dkt. No. 44-9, at 4).  While no written ADC policy requiring Nortriptyline to be crushed was produced, Hughes may exercise his own independent medical judgment as a prison doctor, and Richardson may not rely on a mere disagreement with treatment decisions as grounds to claim an alleged constitutional violation (Dkt. No. 86).  As to the discontinuation of Richardson's medication, Richardson admits that she stopped taking the medication because she "preferred not to experience the adverse reactions as to the side effects caused by the crushed pill." (Dkt. No. 87, at 11).

Third, Richardson's claim that ADC Defendants were deliberately indifferent in failing to move her bunk to a new bunk in accordance with her lower tier, lower bunk script also fails. Richardson acknowledges that she was properly housed in a top bunk on December 30, 2020, due to her lapsing lower bunk script (Dkt. No. 67-8, ¶ 4). Richardson was prescribed a lower bunk script on Friday, January 5, 2021, and was relocated to a lower bunk on Monday, January 8, 2021, when ADC defendants returned to work (Dkt. No. 67, at 5, 11). Richardson's allegations that ADC Defendants were aware of her script before leaving work on Friday, without more, is insufficient to show deliberate indifference to her serious medical needs (Dkt. No. 87, at 30).

Fourth, while Richardson claims her relocation to a "quarantined" barrack amounted to deliberate indifference by ADC Defendants, she did not contract any disease and stated that her only alleged harm was that it "could have cost the plaintiff an early death in prison" (Dkt. No. 87, at 28). Richardson's alleged harm is too speculative. Even if Richardson's alleged harm was an actionable harm, Richardson has not established any clearly recognizable law which would put ADC defendants on notice of this harm (Dkt. No. 87, at 29-35).

Upon a *de novo* review of the record, the Court finds that Richardson's objections fail to rebut the Recommendation.

### III.    Conclusion

For the foregoing reasons, the Court adopts the Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 86). Therefore, it is ordered that:

1. Richardson's requests to appoint counsel and amend her complaint are denied (Dkt. No. 87, at 2, 3);

2. Medical Defendants' motion for summary judgment is granted, in part, and denied, in part, consistent with this Order (Dkt. No. 44);

3. Medical Defendants' motion is denied as to Richardson's claims against Gardner in connection with the November 4, 2022, confiscation of Richardson's medical shoes (*Id.*);

4. Medical Defendants' motion is granted as to all other claims (*Id.*);

5. ADC Defendants' motion for summary judgment is granted (Dkt. No 67);

6. Richardson's claims against all defendants in their official capacity are dismissed with prejudice (Dkt. No. 2);

7. Richardson's claims against Hughes, Campbell, Whitelaw, and Long in their personal capacity are dismissed with prejudice, and Hughes, Campbell, Whitelaw, and Long are terminated as parties to this action (*Id.*); and

8. Richardson's personal capacity claims against Gardner, other than Richardson's claim against Gardner in connection with the November 4, 2022, confiscation of Richardson's medical shoes, are dismissed with prejudice (*Id.*).

So ordered, this 25th day of September, 2025.

_____
Kristine G. Baker
United States District Judge